IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 2:93cr131-4 (RCY) |
| ) | |
| DEREK LAMONT GOODING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion for Reconsideration under 18 U.S.C. § 3582(c)(2)[1] to Modify Sentence (ECF No. 868) ("Motion for Reconsideration") filed by the Defendant, Derek Lamont Gooding ("Gooding"), on February 13, 2018, and the response of the United States to the Motion for Reconsideration which includes the United States' position regarding the application of Section 404 of the First Step Act of 2018 (ECF No. 904) ("Response"). For the reasons set forth herein, the Court will grant the Motion for Reconsideration (ECF No. 868) and reduce Defendant Gooding's sentence.

The First Step Act of 2018 became effective on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As explained in *United States v. Mabry*:

> Section 404 of the First Step Act makes the Fair Sentencing Act of 2010 retroactively applicable to defendants who committed controlled substance offenses before the Fair Sentencing Act was enacted on August 3, 2010. The Fair Sentencing Act altered the quantities of cocaine base subject to the first three penalty provisions of 21 U.S.C. § 841(b)(1). In particular, the quantity that triggered the ten year mandatory minimum for violation of that statute was increased from 50 grams of cocaine base to 280 grams of cocaine base and the quantity that triggered the five year mandatory minimum of the statute was increased from five grams of cocaine base to 28 grams of cocaine base. The quantity that triggered application of the so-called catch-all provision, 21 U.S.C. § 841(b)(1)(C), was increased from amounts under five grams of cocaine base to amounts under 28 grams.

---

[1] As noted by the United States, the Defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2), but he is eligible for a reduction under 18 U.S.C. § 3582(c)(1)(B) based on Section 404(b) of the First Step Act.

420 F. Supp. 3d 475, 478 (E.D. Va. 2019); *see also United States v. Hardnett*, 417 F. Supp. 3d 725, 735-37 (E.D. Va. 2019) (holding that 18 U.S.C. § 3582(c)(1)(B) and the "indictment-controls theory" apply under the First Step Act). Shortly after the *Hardnett* and *Mabry* decisions, the United States Court of Appeals confirmed that motions for relief under the Act "are appropriately brought under § 3582(c)(1)(B)" rather than § 3582(c)(2), and that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) – both of which were modified by Section 2 of the Fair Sentencing Act . . . – is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (quoting First Step Act § 404(b), 132 Stat. 5222). Thus, whether a defendant is eligible for a reduction depends on whether that defendant "before August 3, 2010, violated a federal criminal statute, the statutory penalties for which were reduced by Sections 2 or 3 of the Fair Sentencing Act of 2010." *See United States v. Greene*, 2020 WL 2115880, at *1 (E.D. Va. May 4, 2020). Next, "[w]hether to grant the motion for reduction of sentence lies within the discretion of the Court that is informed by the entire record . . . ." *Id*.

      Gooding was a leader in a violent drug conspiracy. After a lengthy jury trial, he was convicted of four counts: Count One, Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A); Count Fourteen, Possession with Intent to Distribute 237 grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A); Count Fifteen, Use of a Firearm during and in relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c); and Count Eighteen, Making Premises available for Storage and Distribution of Cocaine Base, in violation of 21 U.S.C. § 856(a)(2). (Docket No. 407.) He was sentenced to LIFE on Counts One and Fourteen, 240 months on Count Eighteen, all to run concurrently, and 60 months on Count Fifteen, to run

consecutively to the sentences on Counts One, Fourteen, and Eighteen.  (*Id*.)  As the United States notes in its Response, "the First Step Act of 2018 and Circuit precedent now establish that the [D]efendant is eligible for a sentence reduction on his conviction on Counts 1 and 14, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii)."  (Response, at 1.)  But whether to grant a sentence reduction and the extent of any reduction remains within the sound discretion of the Court.

Gooding's involvement in this drug conspiracy lasted slightly less than three years, from January 1991 until September 1993.  He has been incarcerated on these charges since September 1993, almost 28 years.  He is now 52 years old.  He has taken many educational courses, earned his GED, and received only three minor infractions during this period of incarceration, in 1995 and 2006.  The United States advocates on behalf of Gooding and requests that he be given a second chance to lead a law-abiding life and contribute to society.  (*Id*., at 4-7.)

The Court has reviewed the Motion for Reconsideration, the Response filed by the United States and the exhibits thereto, the Presentence Investigation Report, and other relevant pleadings.  Considering the record as a whole and the factors under 18 U.S.C. § 3553(a), the Court concludes that reducing Gooding's sentence to a total term of imprisonment of 398 months, consisting of 338 months on Count One, 338 months on Count Fourteen, and 240 months on Count Eighteen, all to run concurrently, and 60 months on Count Fifteen, to run consecutively to the sentences on Counts One, Fourteen, and Eighteen, results in a sentence that is sufficient but not greater than necessary to accomplish the ends of the sentencing statute.  The Motion for Reconsideration (ECF No. 868) will be granted.

An appropriate Order shall issue.

/s/ *[signature]*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 9, 2021